UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

FREDERICK MARTINEZ,

        Plaintiff,

-against-

DETECTIVE MULLADY; DETECTIVE
FEMALE JANE DOE; POLICE COMMISSIONER
RAYMOND KELLY; DETECTIVE MALE
SERGEANT JOHN DOE; NYC POLICE
DEPARTMENT et al.,

        Defendants.

------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 1 3 2010 ★

BROOKLYN OFFICE

**MEMORANDUM
AND ORDER**
10-CV- 3552 (SLT)(ALC)

**TOWNES, United States District Judge:**

Plaintiff, currently incarcerated at Rikers Island Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force when he was arrested in Brooklyn on April 30, 2010. The case was transferred from the United States District Court for the Southern District of New York by Order dated July 22, 2010. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his claims against New York City Police Department (NYPD) and Raymond Kelly, New York City Police Commissioner, are dismissed. Plaintiff's claims against Detective Mullady and the two unnamed detectives of the 88st precinct involved in the incident on April 30, 2010 may proceed as set forth below.

**Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

**Discussion**

To prevail on a Section 1983 claim, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. See 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993).

A. 42 U.S.C. § 1983 Claim Against New York City Police Department Dismissed

The NYPD is a non-suable agency of the City. Jenkins v. City of New York, No. 06-CV-0182, 2007 WL 415171, at *11, n. 19 (2d Cir. Feb. 6, 2007) (citing Wray v. City of New York, 340 F. Supp. 2d 291, 3030 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law.")). Therefore, the complaint against the NYPD is dismissed for failure to state a claim upon

which relief can be granted.¹ 28 U.S.C. § 1915A.

B. 42 U.S.C. § 1983 Claim Against Raymond Kelly Dismissed

As a prerequisite to a damage award, a plaintiff must allege each defendant's direct or personal involvement in the alleged constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (§ 1983); Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991) (§ 1983); Elmaghraby v. Ashcroft, No. 04-CV-1409, 2005 WL 2375202, at * 33 (E.D.N.Y. Sept. 27, 2005) (§ 1985), or that she or he had actual or constructive notice of the deprivation. Al-Jundi v. Estate of Nelson Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir. 1989); McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983). Although plaintiff names Raymond Kelly as a defendant, there is no allegation that Raymond Kelly was personally involved in the deprivation of plaintiff's constitutional rights. Thus, defendant Kelly is not a proper party to this action and the claim against him is dismissed. 28 U.S.C. § 1915A.

C. Identifying the John and Jane Doe Defendants

The allegations in the complaint, however, do state a § 1983 claim against defendant Mullady and two unnamed detectives of the 88th Precinct of the New York City Police Department. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), the Court requests that Corporation Counsel ascertain the full names and service addresses of the officers who

---

¹If plaintiff is seeking to bring a claim against the municipality, then he must name the City of New York. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)).

3

were involved in the incident on April 30, 2010 involving plaintiff. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin.

Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the detectives within twenty days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants.

**Conclusion**

Accordingly, plaintiff's complaint against defendants New York City Police Department and Raymond Kelly is dismissed. 28 U.S.C. § 1915A. No summons shall issue as to these defendants.

Plaintiff's complaint against the remaining defendants may proceed. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997)(*per curiam*), Corporation Counsel is hereby requested to produce the information specified above regarding the identities and service addresses of the John and Jane Doe detectives within twenty days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued and the Court shall direct service on the defendants. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. The case is referred to the Honorable Andrew Carter, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/ Sandra L. Townes
United States District Judge

Dated: Brooklyn, New York
October 7, 2010